UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUILLERMO AGUSTIN, on behalf of himself, individually, and on behalf of all others similarly situated, | **Dkt. No.:** 1:25-cv-495 |
| _Plaintiff,_ | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| JAYARVEE INC., BIRDLAND JAZZ CLUB, and JOHN R.VALENTI, individually, | **JURY TRIAL DEMANDED** |
| _Defendants._ | |

Plaintiff GUILLERMO AGUSTIN ("Agustin"), on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiff," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against JAYARVEE INC. ("Jayarvee"), BIRDLAND JAZZ CLUB ("Birdland"), and JOHN R. VALENTI, individually ("Valenti") (collectively, "Defendants"), alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on behalf of himself and all others similarly situated to recover damages for Defendants' systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 _et seq_., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL §§ 198, 652, 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten, NYLL §§ 652, 198, 12 NYCRR § 146-1.6; (v) the NYLL's prohibition against employers making

1

any unlawful deduction from any wages of an employee, in violation of NYLL § 193 and 12 NYCRR § 146-2.7; (vi) the NYLL's prohibition against employers improperly retaining wages or gratuities in violation of NYLL §§ 190, 191, 196, and 663(1); (vii) the NYLL's requirement that employers furnish employees with a wage notice at the time of hire containing specifically enumerated criteria, in violation of NYLL § 195(3) and 12 NYCRR § 146-2.2; (viii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, per 12 NYCRR § 146-2.3, and NYLL § 195(3), as codified in the New York Wage Theft Prevention Act ("WTPA"); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendants own and operate a popular restaurant, jazz club, bar, and pub located in New York City's Hell's Kitchen neighborhood, are engaged in the "restaurant industry" and "hospitality industry," as those terms are defined in the NYLL and implementing regulations, 12 NYCRR § 146-3.1, *et. seq*., and employ workers, laborers, and other personnel at its principal place of business located at 315 West 44th Street, New York, NY 10036.

3.      Defendants employed Plaintiff as a busboy, bartender, and food runner to perform work within Defendants' restaurant and place of business, from approximately April 2023, through the wrongful termination of Plaintiff's employment on or about November 19, 2023.

4.      Despite regularly working beyond forty hours in a week, Defendants failed and refused to pay Plaintiff any overtime compensation for any hours Plaintiff worked beyond forty each week, resulting in Plaintiff suffering unpaid overtime compensation in willful violation of both the FLSA and NYLL.

5.      Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf

of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

6.      In addition, Defendants violated the NYLL and NYCRR in several respects.

7.      First, Defendants paid Plaintiff at a rate which fell below the applicable the New York statutory minimum wage, resulting in Plaintiff suffering unpaid minimum wages for all hours worked in violation of the NYLL and NYCRR's minimum wage provision, 12 NYCRR § 146-1.2.

8.      Second, Defendants failed to pay Plaintiff an additional one (1) hour's pay at the New York minimum wage rate for each day during which Plaintiff's workday exceeded ten hours from start to finish, in violation of the NYLL and NYCRR's spread-of-hours provision, 12 NYCRR § 146-1.6.

9.      Third, despite Plaintiff's primary job duties consisting of performing tipped-based work, Defendants stole gratuities to which Plaintiff was entitled, by prohibiting Plaintiff from receiving any portion of the tips generated by his work, in violation of the NYLL and the NYCRR.

10.     Fourth and most egregious, Defendants frequently undercut Plaintiff's regular wages, abjectly violating NYLL's prohibition against an employer unlawfully deducting wages from an employee's pay.

11.     Fifth, Defendants failed to furnish Plaintiff with an accurate wage notice upon hire, and with accurate wage statements on each payday, separately violating NYLL §§ 195(1), and (3), respectively.

12.     Plaintiff therefore brings his NYLL claims pursuant to the class action provisions of Fed. R. Civ. P. 23(b)(3) on behalf of himself and all other similarly situated workers who worked for Defendants in New York.

13.    Lastly, as icing on the cake, Defendants violated one of the anti-retaliation provisions of NYLL § 215 by terminating Plaintiff's employment in direct response to Plaintiff's repeated complaints about Defendants' continuous failure to pay him all wages owed, including, without limitation, Defendants' weekly underpayment of his regular wages, rather than making any effort or attempt to remedy or rectify Plaintiff's wage issues of which Defendants were aware.

## JURISDICTION AND VENUE

14.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

15.    The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

16.    Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

17.    At all relevant times, Plaintiff worked for Defendants in New York, and was an "employee" entitled to the protections as defined in the FLSA, NYLL, NYCRR, and NYLL's Hospitality Industry Wage Order.

18.    As described herein, Defendants serve food and drinks to their customers and are engaged in the "restaurant industry" and "hospitality industry," as those terms are defined in the Labor Law and implementing regulations, including 12 NYCRR § 146-3.1.

19.    Defendant Jayarvee is a domestic business corporation, engaged in the business of purchasing and selling food, drinks, alcoholic beverages and related products to consumers, with a principal place of business located at 315 West 44th Street, New York, NY 10036.

20.    Defendant Birdland is a domestic business corporation, engaged in the business of purchasing and selling food, drinks, alcoholic beverages and related products to consumers, with a principal place of business located at 315 West 44th Street, New York, NY 10036.

21.    At all times relevant, Defendants Jayarvee and Birdland (collectively, "Corporate Defendants") operated as a single enterprise and/or joint employer of Plaintiff and all others similarly situated.

22.    Specifically, Corporate Defendants employ(ed) the same or similar overlapping workforce, jointly shared responsibility for, among other things, the hiring and firing of its workforce and staff, and share in the responsibilities of setting and establishing their workers' rates of pay, paying workers their wages, setting their hours and work schedules, and supervising their job duties performed for the Defendants.

23.    Moreover, at all times relevant, Corporate Defendants are each an enterprise engaged in interstate commerce in that Corporate Defendants (i) have purchased goods, tools, and supplies such as paper goods, food, and beverages, related business items, and tools for its business through the streams and channels of interstate commerce from vendors / suppliers that originated both in and out of New York state, and has had two or more employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00. This status subjects each Corporate Defendant to the FLSA's overtime requirements as an enterprise.

24.    By way of one example, Corporate Defendants regularly required Plaintiff and similarly situated employees to handle, sell, or work with food and other goods for its business, all of which Corporate Defendants purchased and transported through the ordinary channels of

interstate commerce. Moreover, Corporate Defendants required Plaintiff and similarly situated employees to perform work involving and related to food and consumer goods for Defendants' business, which were and are sold to in and out of state consumers alike, and which subjects Defendants to the FLSA's overtime requirements for individuals.

25.    Accordingly, Corporate Defendants were and are each an employer of Plaintiff within the meaning and intent of the FLSA, NYLL, and NYCRR.

26.    Defendant Valenti is the owner, operator, manager, and authorized agent of the Corporate Defendants.

27.    Defendant Valenti was and is responsible for overseeing and controlling all of the daily operations of Corporate Defendants, actively participates in day-to-day operations of Corporate Defendants, and has final or exclusive power and authority over all final personnel and payroll decisions of Corporate Defendants.

28.    Defendant Valenti was responsible for overseeing or exerting direct control over Corporate Defendants' place of business at which Plaintiff worked for Corporate Defendants,

29.    Defendant Valenti has the power and authority to directly affect the quality of work conditions and employment of Plaintiff, and all other employees of Corporate Defendants.

30.    Defendant Valenti was responsible for Plaintiff's hire to work at Corporate Defendants, was responsible for Corporate Defendants' decision to terminate Plaintiff's employment there.

31.    Defendant Valenti was responsible for the providing of instructions and directions to Plaintiff and to the enterprises' other employees on how and when to perform their job duties, and supervised the work that Plaintiff performed.

32.     Defendant Valenti was responsible for the setting and establishing of Plaintiff's rate of pay, and paying Plaintiff his wages.

33.     Defendant Valenti was responsible for setting, establishing and determining Plaintiff's work hours and work schedule.

34.     Furthermore, Defendant Valenti was responsible for maintaining all employment records of Corporate Defendants, including, without limitation, any and all records relating to Plaintiff's hours worked and pay.

35.     Accordingly, at all relevant times hereto, Defendant Valenti was responsible for was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

### BACKGROUND FACTS

36.     Defendants own and operate a world-famous restaurant, jazz club, bar and pub located in New York City's Hell's Kitchen neighborhood – "Birdland" – named after the legendary saxophonist Charlie "Bird" Parker.

37.     Defendants employed Plaintiff as a busboy, bartender, and food runner, to perform work within Defendants' restaurant and place of business from approximately April 2023, through the wrongful termination of Plaintiff's employment by Defendants on about November 19, 2023.

38.     Plaintiff's primary job duties tasked him with preparing, cooking and serving food dishes, cutting vegetables, preparing drink orders, assisting bartenders, taking food and drink orders from customers, setting and cleaning customers' tables, cleaning in and around Defendants' place of business, arranging food and other items on tables and within Defendants' place of business, and performing miscellaneous job duties for Defendants, including, without limitation, cleaning and inventory and assisting other staff.

39.     Throughout Plaintiff's employment with Defendants, Defendants required Plaintiff to work, and indeed Plaintiff did regularly work a schedule of five (5) days per week, from approximately 4:00PM until approximately 2:00AM, or later, on Sunday and Monday, and from approximately 3:30PM until approximately 2:30AM, or later, on Thursday, Friday, and Saturday.

40.     Thus, Defendants required Plaintiff to work in excess of forty hours per week, or specifically, upwards of fifty-three (53) to fifty-five (55) hours or more each week from April 2023 through November 2023.

41.     Throughout Plaintiff's employment with Defendants, Defendants purported to pay Plaintiff an hourly rate without regard for the number of hours Plaintiff worked each day, or each week, in the amount of $15.00 per hour, for all hours worked.

42.     This $15.00 hourly rate, however, was subject to Defendants' unlawful deductions to Plaintiff's regular wage as described below, thereby reducing his hourly wages below New York's minimum wage rate.

43.     Although Plaintiff worked approximately forty-five (45) to fifty (50) hours or more each week from March 2023 through November 2023, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA, NYLL, and NYCRR.

44.     Worse, in addition to failing to pay Plaintiff any overtime compensation, Defendants knowingly undercut Plaintiff's weekly pay by paying Plaintiff for fewer than all hours Plaintiff worked each week.

45.     Specifically, throughout Plaintiff's employment with Defendants, Plaintiff's paychecks were regularly cut short by two, three, or more hours – at times as high as twenty-six hours, and always at least two hours – than the actual number of hours Plaintiff worked per week.

46.     Realizing that Defendants were regularly undercutting his weekly hours and pay, Plaintiff frequently complained about his wage underpayments to Defendant Valenti, and frequently demanded the full payment of his wages.

47.     In response, Defendant Valenti advised Plaintiff that Plaintiff "will get paid in full on the next payment," but despite Plaintiff's repeated complaints, Defendants continuously failed to correct Plaintiff's wage underpayments, while continuing to undercut Plaintiff's weekly pay.

48.     By way of example only, during Plaintiff's last week of employment with Defendants in November 2023, Plaintiff worked approximately forty-five hours, yet Defendants only paid Plaintiff for twenty-six hours, failing to pay Plaintiff any wages whatsoever for his remaining approximately nineteen uncompensated hours, while similarly failing to pay Plaintiff time-and-a-half for the five or more hours of overtime he worked that week.

49.     On November 19, 2023, Plaintiff yet again complained to Defendant Valenti about the unlawful deduction of approximately twenty-six hours worked from his paycheck; however, instead of remedying or even attempting to remedy the Defendants' underpayment of Plaintiff's wages, Defendant Valenti yelled at Plaintiff while continuing to engage in rampant and unremedied wage theft.

50.     Furthermore, in addition to failing to pay Plaintiff overtime compensation and undercutting Plaintiff's weekly wages, Defendants also disallowed, prohibited, and/or prevented Plaintiff from partaking in Defendants' tip pool, despite Plaintiff's primary job duties consisting of performing tipped work.

51.     While Defendants' approximately ten to fifteen or more other waiters, waitresses, bartenders, and table staff workers were entitled to receive tips, Defendants unjustifiably and

unlawfully prohibited Plaintiff from doing so, resulting in Plaintiff losing hundreds of dollars in tips each week.

52.    Near weekly, Plaintiff complained to no avail, about not being permitted to partake in Defendants' tip pool, both to Defendant Valenti, as well as to his managers, including, without limitation, to Isis, Jon, and Rodrigo.

53.    Plaintiff's wage-related complaints to his managers and to Defendant Valenti constituted protected activities protected under the NYLL.

54.    Plaintiff was engaging in statutorily-protected activities by his complaints to his managers, and to Defendant Valenti, and his refusal to continue working for Defendants for lesser pay than to which Plaintiff was entitled by law.

55.    Yet, in direct response to Plaintiff's frequent and repeated wage-related complaints, Defendant Valenti verbally threatened Plaintiff, informed Plaintiff that Defendants were not going to correct the wage issue of compensating him properly, and ultimately terminated Plaintiff's altogether on or about November 19, 2023.

56.    Defendants terminated Plaintiff's employment because of Plaintiff's wage complaints and refusal to continue working for Defendants for lesser pay than to which Plaintiff was entitled by law.

57.    Moreover, as described above, due to Defendants' weekly unlawful deductions, Defendants paid Plaintiff for all hours worked at a rate which fell below the applicable New York minimum wage rate, which for the last several years of his employment was $15.00 per hour.

58.    Furthermore, despite regularly requiring Plaintiff to work shifts in excess of ten hours in a workday from start to finish, and despite paying Plaintiff at rates that were below the New York minimum wage rate, Defendants never provided Plaintiff with one additional hour's

pay at the New York minimum wage rate pursuant to the NYLL's and NYCRR's spread-of-hours provisions.

59.     By way of example only, during the week of September 11, 2023, to September 17, 2023, Plaintiff worked in excess of forty hours during that work week, yet Defendants only paid Plaintiff for 24.95 hours of work for the pay period from September 11, 2023 to September 17, 2023, at a rate of $15.00 per hour, amounting to regular wages of $374.25 for all hours which Plaintiff worked.

60.     As a result, Defendants failed to pay Plaintiff at the New York minimum wage rate of $15.00 per hour for all hours worked, nor did Defendants pay Plaintiff overtime compensation of one and one-half times the minimum wage rate for the hours Plaintiff worked beyond forty during that week.

61.     Furthermore, during that same week, Plaintiff worked more than ten hours in a day from start to finish on at least three work days, yet Defendants never paid Plaintiff any spread-of-hours wages of an additional one hour's pay at the applicable New York minimum wage rate.

62.     Undoubtedly, Defendants' FLSA violations were willful, as demonstrated by Defendants willfully failing to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL, 12 NYCRR § 146-2.4, and the FLSA, in an attempt to conceal their unlawful conduct from Plaintiff and others similarly situated.

63.     Moreover, Defendants willfully failed to keep accurate and contemporaneous time and payroll records as required by the FLSA, the NYLL, and 12 NYCRR § 146-2.1, in furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated.

64.    Worse, on each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with an accurate paystub, wage statement, or other written document, failing to include his actual hours worked, his owed spread-of-hours pay, and his accurate, regular and overtime rates of pay during each pay period - - further indications of Defendants' willful violations of the FLSA and bad faith refusal to attempt to comply with the law.

65.    To further conceal their wrongdoing, and in a deliberate attempt to circumvent federal and state labor laws and exploit their workforce, including Plaintiff, on any occasion where Defendants did issue Plaintiff a wage statement, it was insufficient as a matter of law in that it failed to disclose the actual or total number of hours Plaintiff worked each week, or his overtime rate of pay in violation of the NYLL.

66.    Specifically, since Plaintiff's wage statements failed to record the number of overtime hours he worked and made no mention of his compensation at the regular and mandatory rate for overtime hours, Plaintiff's wage statements were plainly insufficient as a matter of law.

67.    Plaintiff suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day or an accurate wage notice upon hire because, lacking any real documentation from Defendants that showed his entitlement to be paid for all hours worked, to receive the tips that he earned, and to be notified contemporaneously of his true hours and pay, Plaintiff was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

68.    If the Defendants had provided Plaintiff with an accurate wage notice upon hire indicating, *inter alia*, his lawful right to receive his earned tips, or with paystubs accurately reflecting the actual hours he works and has worked and that he was entitled to be paid for all hours, Plaintiff would have been able to advocate for himself and for his coworkers to be paid

higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of his rights.

69.    Indeed, because Plaintiff was not aware that he should have received compensation at a rate of time and a half for his hours in excess of forty in a workweek, Plaintiff waited years before raising his complaints against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

70.    Defendants treated Plaintiff and FLSA Plaintiffs in the same manner as described above.

71.    Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

72.    Defendants acted in the manner described herein so as to minimize their overhead while unlawfully maximizing profits.

## COLLECTIVE ACTION ALLEGATIONS

73.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial workers of Defendants, who during the applicable FLSA limitations period, performed work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

74.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

75.    At all relevant times, Defendants have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rate of pay for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

76.    Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

77.    The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

78.    Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

79.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

80.    Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial workers who performed any work for any of the Defendants in New York during the statutory period within ("Rule 23 Plaintiffs").

81.    All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

82.    Moreover, Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. For instance, Plaintiff and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendants' nonpayment of any proper minimum wages or overtime wages. Specifically, Plaintiff and the Rule 23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of any proper minimum wages or overtime wages, invest said wages, accrue interest on their wages, or otherwise utilize the value that their wages would have held had they been properly paid to Plaintiffs.

## Numerosity & Ascertainability

83.    During the applicable NYLL limitations period, the Defendants have, in total, employed at least 40 other employees that are putative members of this class.

84.    The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

## Common Questions of Law and/or Fact

85.    There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff, including whether their rates of pay fell below the New York minimum wage rate; (3) whether the Defendants compensated all overtime wages due to Rule 23 Plaintiffs; (4) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage notice upon hire or accurate statements

15

on each payday containing the information required by N.Y. Lab. Law § 195(3); (5) whether the Defendants have kept and maintained accurate records of hours worked, wages earned, and tips received by Rule 23 Plaintiffs; (6) whether the Defendants kept and maintained records with respect to the compensation paid to Rule 23 Plaintiffs for each hour worked; (7) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

86.     As described herein, the Defendants employ(ed) Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York; Defendants failed to pay them properly for all regular, overtime hours, spread-of-hours, or gratuities earned; and Defendants did not provide them with accurate wage notices upon hire or wage statements on each pay day as required by applicable law. Plaintiff and the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirements to be paid at or above the minimum wage, for all compensation due, and to be furnished with accurate wage notices upon hire and wage statements on each payday.

87.     Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

88.     Plaintiff, as described herein, worked the same or similar job duties as Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff at least at the minimum wage rate, nor for all overtime hours due, nor did Defendants furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

89.     Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have also subjected to the treatment alleged herein.

90.     Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law.  J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs' counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions.  Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

91.     A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

92.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

93.     Any lawsuit brought by a worker based in New York and employed by Defendants would be identical to a suit brought by any other such employee for the same violations.  Thus, separate litigation would risk inconsistent results.

94.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

95.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

96.     Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

97.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b) *et seq*.

99.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

100.    As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

101.    Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

102.    The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurate advise Plaintiff of his rights to be paid. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of Plaintiff nor FLSA Plaintiffs.

103.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rate of pay.

104.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCRR*

105.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106.    N.Y. Lab. Law § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours

worked exceeding forty in a workweek.

107.    Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

108.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

109.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their regular rate of pay.

110.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Minimum Wages in Violation of the NYLL and the NYCRR*

111.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

112.    N.Y. Lab. Law § 652(1) and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

113.    As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL.

114.    As also described above, Defendants did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action, at the minimum hourly rate required by the NYLL for all hours worked.

115.    At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to payment of at the minimum wage for every hour worked for Defendants pursuant to the NYLL's minimum wage provisions.

116.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Spread-of-Hours Pay in Violation of the NYLL and the NYCRR*

117.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

118.    N.Y. Lab. Law § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

119.    As described above, Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCRR.

120.    As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action with spread of hours pay of one additional hour of pay at the basic minimum hourly rate when their workday exceeded ten hours from start to finish.

121.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to this extra hour of pay, at the minimum wage rate, for all days worked in excess of ten hours.

122.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions From Wages in Violation of the NYLL and the NYCRR*

123.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

124.    N.Y. Lab. Law § 193 provides that "no employer shall make any deduction from the wages of an employee" without express written consent, and subject to certain nonapplicable statutorily-enumerated exceptions.

125.    Similarly, 12 NYCRR § 146-2.7 provides that "[e]mployers may not make any deductions from wages, except for credits authorized in this Part and deductions authorized or required by law…"

126.    As described above, Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCRR.

127.    Also as described herein, Defendants regularly made unlawful and improper deductions to Plaintiff's regular wages by, *inter alia*, undercutting Plaintiff's weekly pay and failing to pay Plaintiff's wages for all hours which Plaintiff worked.

128.    Defendants willfully and unlawfully violated NYLL § 193, *et. seq*., as described herein, without the written consent of Plaintiff.

129.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to damages for their unpaid wages resulting from Defendants' unlawful deductions to their regular wages, as well as liquidated damages, interest, and attorneys' fees resulting from Defendants' violations.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Improper Retention of Wages and Gratuities in Violation of the NYLL and the NYCRR*

130.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

131.    Similarly, NYLL § 196-d prohibits employers from retaining, directly or indirectly, any part of an employee's gratuity or any charges purporting to be a gratuity.

132.    Similarly, NYLL §§ 190, 191, and 663(1) require that employers pay all wages to their employees in accordance with the terms of their employment.

133.    Similarly, as applicable to Plaintiff's employment with Defendants, 12 NYCRR § 146-2.14(e) provides that the, "[e]ligibility of employees to receive shared tips, or to receive distributions from a tip pool, shall be based upon duties and not titles," and that, "[e]ligible employees must perform, or assist in performing, personal service to patrons at a level that is a principal and regular part of their duties, and is not merely occasional or incidental."

134.    At all times relevant, Plaintiff performed primary job duties consisting of tipped work, which entitled Plaintiff to a portion of the tips or gratuities generated by the work which Plaintiff performed for Defendants, and which Defendants failed to pay to Plaintiff.

135.    As described above, Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCRR.

136.    Defendants violated the NYLL and NYCRR by unlawfully retaining charges purported to be gratuities for services Plaintiff performed for Defendants' customers, for failing to notify Defendants' customers of Defendants' intention to retain Plaintiff's tips or gratuities, and for failing to keep accurate and contemporaneous records of Defendants' retention of Plaintiff's tips or gratuities.

137.    Plaintiff is entitled to recover all tips or gratuities he earned while working for Defendants but for which he was not compensated.

138.    Pursuant to NYLL § 196-d, Defendants are liable to Plaintiff for any and all unlawfully withheld gratuities.

139.    Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCRR's prohibition of retention of tips and gratuities.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL and the NYCRR*

140.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

141.    Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

142.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

143.    Similarly, 12 NYCRR § 146-2.2 mandates that, "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday," and which, "notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."

144.    As described above, Defendants, willfully failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with any such written wage notice containing all criteria required under the NYLL, specifically, NYLL § 195(1), *et seq.*, and 12 NYCRR § 142-2.2, *et seq.*

145.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL and the NYCRR*

146.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

147.    Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

148.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

149.    Similarly, 12 NYCRR § 146-2.3 mandates that, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with every payment of wages,"

which "must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions, and net wages."

150.    As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq.*, and 12 NYCRR § 142-2.3, *et seq*.

151.    Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their actual regular and overtime hours worked, corresponding regular and overtime rates of pay, or a correct pay period.

152.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violations of the Anti-Retaliation Provisions under the NYLL § 215*

153.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

154.    Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

155.    New York Labor Law § 215(1) provides that "No employer . . . shall discharge, threaten, penalize, or in any other manner discriminate against any employee because such

employee has made a complaint to his employer . . . that the employer has violated any provision of this chapter [the Labor Law]."

156.    As set forth above, Defendants retaliated against Plaintiff for engaging in protected activity. Specifically, Plaintiff frequently complained about Defendants' wage violations, as alleged herein, and in direct response to Plaintiff complaining of Defendants' wage violations, Defendants retaliated against Plaintiff by, among other things, lodging verbal threats against Plaintiff, threatening to hit Plaintiff, and unlawfully terminating Plaintiff's employment with Defendants.

157.    These actions, among others, were in direct response to Plaintiff raising informal complaints against Defendants for their failure to pay him, *inter alia*, the premium rates for overtime hours he worked in violation of the NYLL § 160 et seq.

158.    Further, the temporal proximity between Plaintiff's complaints and Defendants' aggressive or retaliatory behaviors gives rise to an inference of retaliation.

159.    As a direct and proximate result of Defendants' conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, physical and emotional pain and suffering and loss of earnings for which he is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

160.    Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

        **WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

        a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

        b.     Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

        c.     An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

        d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

        e.     Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

        f.     Designation of Plaintiff and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

        g.     All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained

as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.      Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

j.      Awarding Plaintiff with a service award for his role as class and collective action representative and in recognition for his dedication to the Rule 23 Class and FLSA Plaintiffs and his willingness to come forward as the lead Plaintiff on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

k.      Pre-judgment and post-judgment interest, as provided by law; and

l.      Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
        January 17, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By:     *Avraham Y Scher*
        Jon L. Norinsberg, Esq.
        Michael R. Minkoff, Esq.
        Avraham Y. Scher, Esq.
        110 East 59th Street, Suite 2300
        New York, New York 10022
        Tel.: (212) 227-5700
        *Attorneys for Plaintiff and Putative Class and Collective*